**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

CHAMBERS OF
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0801
FAX (410) 962-0820
MDDAMDChambers@mdd.uscourts.gov

November 29, 2005

MEMORANDUM TO COUNSEL RE:

Glacier Partitions & Ceilings, Inc. v. Diamond State Ins. Co.
Civil No. AMD 04-3305

The briefing on the motion for summary judgment in this case involving a claim for damages for refusal to afford insurance coverage has been read and considered. No hearing is necessary and I have elected to rule in this informal manner.

Maryland treats an insurance policy as any other contract. The construction of a policy begins with the application of the terms of the policy. *Lloyd E. Mitchell, Inc. v. Maryland Casualty Co.*, 324 Md. 44, 56 (1991). Unless there is an indication that the parties intended to use words in a technical sense, the terms of a policy are afforded their customary, ordinary, and accepted meaning. *Id*. Where a policy defines a particular term, that definition will control any construction of the policy. *Valliere v. Allstate Ins. Co.*, 324 Md. 139, 142 (1991). Unlike many other jurisdictions, Maryland does not follow the rule that an insurance policy is to be construed against the insurer. *Bausch & Lomb v. Utica Mutual*, 330 Md. 758, 779 (1993).

There is no dispute of material fact within the contemplation of Fed.R.Civ.P. 56. As relevant here, the policy does not provide coverage for rain, "whether driven by wind or not," unless "The building . . . first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain . . . enters." Thus, to defeat defendant's motion, plaintiff has the burden to project admissible evidence sufficient to permit a reasonable juror to conclude that the September 2003 hurricane ("Isabel") not only caused wind-driven rain to enter plaintiff's business premises, but to show that Isabel caused damage to the structure, including but not limited to, the roof.

There is not a scintilla of evidence in the record that supports plaintiff's assertion that such structural damage was caused by Isabel. To the contrary, plaintiff's expert's testimony consistently identifies "wind-driven rain" as the source of the loss. *See, e.g.*, Nelson Deposition at 27 ("Most likely, the wind-driven rain from Isabel caused the damage."). Indisputably, the roof of the premises was in poor repair, notwithstanding the fact that it had been "patched" on two or more occasions in the year or so preceding Isabel's arrival. Indeed, as defendant points out, even plaintiff admits that although the roof had been repaired (again) during the weeks before Isabel, the plaintiff had not yet been able to "further coat the roof." *See* Pltf.'s Ans. to Interr. 9. Plaintiff's attempt to broaden Mr. Nelson's testimony, in its effort to have it equate to a statement that the hurricane caused the premises to sustain a "Covered Cause of Loss," is unavailing. Based on your submissions, it appears that Nelson never identified any damage to the structure that was caused by the hurricane.

As a matter of law, therefore, defendant had no obligation to pay benefits under the policy. Defendant's motion for summary judgment shall be granted by separate order.

Very truly yours,

/s/

Andre M. Davis
United States District Judge

AMD:tt